UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Sandra B.[1], | ) |
| | ) |
|     Plaintiff, | ) Case No.: 1:20-cv-00960 |
| | ) |
|     vs. | ) Judge Michael R. Barrett |
| | ) Magistrate Judge Karen L. Litkovitz |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the Magistrate Judge's February 14, 2022 Report and Recommendation ("R&R") (Doc. 17), in which she recommends that the decision of the Commissioner denying Plaintiff's application for disability benefits (DIB) be affirmed.

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; *see also* 28 U.S.C. § 636(b)(1). Notice was given to the parties under

---

[1] The Magistrate Judge advises that "[t]he Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials." (Doc. 17 PAGEID 1339 n.1).

1

28 U.S.C. § 636(b)(1)(c). Plaintiff timely filed objections to the Magistrate Judge's R&R. (Doc. 18). The Commissioner filed a response. (Doc. 19).

I.     **SUMMARY OF R&R**

As noted, the Magistrate Judge recommends that the Commissioner's decision denying Plaintiff's application for disability insurance benefits (DIB) be affirmed. In making that recommendation, she determined that the four specific errors identified by Plaintiff should be overruled: namely, (1) the ALJ erred by finding the "nervous impairments" in combination to be non-severe; (2) the ALJ erred in his analysis of Plaintiff's subjective complaints and by failing to consider under 20 C.F.R. § 404.1529 and Social Security Ruling 16-3p the different methods Plaintiff uses to cope with her pain; (3) the ALJ erred in his evaluation of the opinion of treating psychologist Dr. Simpson; and (4) the ALJ posed improper hypothetical questions to the vocational expert.

II.     **ANALYSIS OF OBJECTIONS**

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

Plaintiff's first objection is a reprise of her first assignment of error that the ALJ should have found that her depression and chronic pain (in combination) a "severe" impairment at step two.[2] There is no dispute that the severity requirement is a "*de minimis*

---

[2] Regulations promulgated by the Commissioner of Social Security establish a five-step sequential evaluation process for disability determinations. 20 C.F.R. § 404.1520(a). If a claimant is found to be conclusively disabled (or not disabled) at any step, the inquiry ends there. *Id.* The five steps are:

    1)   If the claimant is doing substantial gainful activity, the claimant is not disabled.

2

hurdle" in the sequential evaluation process. *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). But, as the Magistrate Judge explains, an ALJ's failure to find a severe impairment where one exists may not constitute reversible error if the ALJ finds that the claimant "has at least one other severe impairment and continues with the remaining steps of the disability evaluation." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 326 (6th Cir. 2015) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)).[3] So long as the ALJ considers the "non-severe" impairments when determining a claimant's residual functional capacity (prior to proceeding to step four), it is "unnecessary" to decide whether the ALJ "erred in classifying the impairments as non-severe at step two." *Fisk v. Astrue*, 253 F. App'x 580, 584 (6th Cir. 2007) (citing *Maziarz*). Said another way, when an ALJ finds "any one impairment" severe and proceeds to complete steps three through five of the analysis, it becomes "legally irrelevant" that a

---

2) If the claimant does not have a severely medically determinable physical or mental impairment—i.e., an impairment that significantly limits her physical or mental ability to do basic work activities—the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent her from doing her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing, *inter alia*, 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 404.1520(b)–(g)).

[3] *See* 20 C.F.R. § 404.1523 (c) ("Combined effect. In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, we will consider the combined impact of the impairments throughout the disability determination process. . . ."); *see also* 20 C.F.R. 416.945(a)(2),(e).

claimant's other impairments were determined to be not severe. *Hobson v. Berryhill*, No. 3:15-cv-01050, 2017 WL 3237788, at *4 (M.D. Tenn. July 31, 2017) (citing *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (citing *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (citing *Maziarz*))).

Plaintiff does not address *Maziarz*—a decision by which this district court is bound—in her objections.[4] Instead she just repeats her contention that, had the ALJ found that her depression and chronic pain (in combination) a severe impairment, and had she been limited to unskilled work, based on her advanced age[5] she would be disabled under the Medical-Vocations Guidelines (the "grid guidelines")[6]. (*See* Doc. 18 PAGEID 1363–66; *see also* Doc. 12 PAGEID 1292–94, Doc. 16 PAGEID 1331–32) (all citing 20 C.F.R. pt. 404, subpt. P, app. 2 § 202.06)). It is well-settled, of course, that an

---

[4] In her Statement of Specific Errors, Plaintiff mentions in passing that Defendant Commissioner "may cite to Maziarz" on this issue, "but finding severe physical impairments only, as the ALJ did here, does not account for or cover the severe nervous impairments and the work-related limitations resulting from them, so this argument should also fail." (Doc. 12 PAGEID 1294).

[5] *See* 20 C.F.R. § 404.1563(e) ("Person of advanced age. We consider that at advanced age (age 55 or older), age significantly affects a person's ability to adjust to other work. We have special rules for persons of advanced age and for persons in this category who are closely approaching retirement age (age 60 or older). See § 404.1568(d)(4)"). Plaintiff was 57 years old at the time the ALJ issued his (December 19, 2019) decision, and thus a person of "advanced age." *See Maziarz*, 837 F.2d at 244 ("[R]ecently this court has held that the relevant time for determining a claimant's age in applying the regulations is the date of the ALJ's decision.") (citing *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987)).

[6] "A grid that accounts for an individual's [residual functional capacity] and various other vocational factors, such as age and educational background, is included in the regulations to provide guidance at step five." *Anderson v. Comm'r of Soc. Sec.*, 406 F. App'x 32, 35 (6th Cir. 2010) (citing 20 C.F.R. pt. 404, subpt. P, app. 2). "Where common patterns of these factors are present, the grid guidelines reflect the Commissioner's categorical determination of eligibility for benefits, thereby simplifying decisionmaking in common scenarios." *Id.* "Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity **coincide with all of the criteria of a particular rule**, the rule directs a conclusion as to whether the individual is or is not disabled." *Id.* (quoting 20 C.F.R. pt. 404, subpt. P, app. 2 § 200.00(a)) (emphasis added). "Where any one of the findings of fact **does not coincide** with the corresponding criterion of a rule, the rule does not apply in that particular case, and, accordingly, does not direct a conclusion of disabled or not disabled." 20 C.F.R. pt. 404, subpt. P, app. 2 § 200.00(a)) (emphasis added). "In any instance where a rule does not apply, full consideration must be given to all of the relevant facts of the case in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations." *Id.*

objection that "simply summarizes what has been presented before" is not an "objection" as contemplated by 28 U.S.C. § 636(b)(1). *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see Renchen v. Comm'r of Soc. Sec.*, No. 1:13-cv-752, 2015 WL 1097349, at *6 (S.D. Ohio Mar. 11, 2015) (plaintiff's objection "is an almost verbatim recitation of the argument presented to and considered by the Magistrate Judge" and therefore need not be reconsidered) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)). Consequently, Plaintiff's first objection is overruled.

Plaintiff's second objection is, in her words, "tied" to her first. (*See* Doc. 18 PAGEID 1367). She submits that the Magistrate Judge (as well as the ALJ) erred in failing to note that her treatment providers (Joan E. Simpson, Psy.D. and Ryan Schmidtz, M.D.) began treatment for depression and symptoms of chronic pain after (denial on) reconsideration. This statement is incorrect, however. The Magistrate Judge chronicled (by date) the evidence upon which the ALJ relied to find that Plaintiff's depression was not severe. It is clear from her recitation that Plaintiff treated with Drs. Simpson and Schmidtz <u>after</u> Richard Sexton Ph.D.'s March 2018 consultative examination and report.[7] (Doc. 17 PAGEID 1350–51).[8] Furthermore, Plaintiff's citation to *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408–09 (6th Cir. 2009) is entirely misplaced, as that case is

---

[7] As noted by the Magistrate Judge, on reconsideration the state agency reviewing psychologist concluded—based on Dr. Sexton's report—that Plaintiff's depression was non-severe because it caused only mild limitation in concentration, persistence, or pace. (Doc. 17 PAGEID 1350 (citing Tr. 23, 100, 117)).

[8] (*See also* Doc. 17 PAGEID 1356 ("Plaintiff contends that Dr. Simpson's treatment and records were submitted after reconsideration, and the state agency psychologists did not have the benefit of these records. However, Dr. Schmidtz, whose treatment of plaintiff overlapped with that of Dr. Simpson, did not find the memory and concentration issues reported by Dr. Simpson. In addition, other records cited by the ALJ show normal mood and affect, some of which post-date the state agency reviews' opinions. This evidence, in conjunction with Dr. Schmidtz's records, substantially support the ALJ's assessment of Dr. Simpson's opinion in this matter.")).

premised on the "treating physician rule" and the "reason-giving requirement." 581 F.3d 399, 406–10 (6th Cir. 2009). According to the Magistrate Judge:

> The ALJ correctly applied the **new** regulations for evaluating medical opinion evidence as plaintiff filed her DIB claim after March 27, 2017. *See* 20 C.F.R. § 1520c (2017); *see also* 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15132-01m 2017 WL 1105368 (Mar. 27, 2017)). **These new regulations eliminate the "treating physician rule" and deference to treating source opinions, including the "good reasons" requirement for the weight afforded to such opinions.** *Id.* Under the new regulations, the Commissioner will "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 416.920c(a). Rather, the Commissioner will consider "how persuasive" the medical opinion is. 20 C.F.R. § 416.920c(b).

(Doc. 17 PAGEID 1353 (footnotes omitted) (emphases added)). Because Plaintiff's second objection is premised on a ruling that has since been rescinded and is no longer applicable in Social Security appeals, it is overruled as well.

Finally, Plaintiff's third objection merely repackages her second and fourth assignments of error, which concern the ALJ's assessment of Plaintiff's subjective complaints of chronic pain and physical limitations and "vocational issues with this." (*Compare* Doc. 18 PAGEID 1368–69 *with* Doc. 12 PAGEID 1294–95, 1296–98 *and* Doc. 16 PAGEID 1333–34).[9] Under *Aldrich* and *Renchen*, then, it, too, is properly overruled.

---

[9] The Magistrate Judge's analysis as to Plaintiff's second and fourth assignments of error (Doc. 17 PAGEID 1356–60) is detailed, well-reasoned, and correct. Her summation bears repeating:

> Plaintiff does not address the specific reasons given by the ALJ in evaluating plaintiff's subjective complaints, nor has she made any attempt to explain why those reasons are not supported by substantial evidence. Instead, she cites to her pain level, EMG study, and positive physical findings to support her subjective complaints. (Doc. 12 at PAGEID 1296-97). However, even where substantial evidence could support a different conclusion or where a reviewing

III.    **CONCLUSION**

Based on the foregoing, the Court **OVERRULES** Plaintiff's objections (Doc. 18) and **ACCEPTS** and **ADOPTS** the Magistrate Judge's February 14, 2022 R&R (Doc. 17). Therefore, the decision of the Commissioner denying Plaintiff's application for disability insurance benefits is **AFFIRMED**.

This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                                    /s/ *Michael R. Barrett*
                                                    Michael R. Barrett, Judge
                                                    United States District Court

---

court would have decided the matter differently, the ALJ's decision must be affirmed if it is supported by substantial evidence. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012); *Her v. Comm*[*'r of Soc. Sec.*], 203 F.3d 388, 389[-90] (6th Cir. 1999). Though there is some medical evidence that could support her allegations of pain and limitations, plaintiff's statement of errors includes no explanation why the reasons actually articulated by the ALJ are not substantially supported. Plaintiff's second and fourth assignments of error should be overruled.

(*Id.* PAGEID 1360).